IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Robert South

              Plaintiff

v.                                                                             Case No. 3:23 CV 416

New London Corporation;

Blackwoods of Proctor, Inc.;

Black Water at Greysolon, LLC;

Tavern on Hill;

Blackwoods of Proctor;

Black Woods Grill & Bar;

Black Woods Group;

Blackwoods, Inc.;

Blackwoods On the Lake, Inc.;

Black at Blue LLC;

Greysolon Ballroom by Blackwoods LLC; and

Black Woods Group Catering

              Defendants.

---

**COMPLAINT**

---

**PRELIMINARY STATEMENT**

1

1. The Plaintiff was an employee of Defendants New London Corporation, Blackwoods of Proctor, Inc., Black Water at Greysolon, LLC, Tavern on Hill, Blackwoods of Proctor, Black Woods Grill & Bar, Black Woods Group, Blackwoods, Inc., Blackwoods On the Lake, Inc., Black at Blue LLC, Greysolon Ballroom by Blackwoods LLC, and Black Woods Group Catering (collectively, "Black Woods Group" or "Defendants").

2. This is an action for a declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICITON AND VENUE

3. Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 216(c), and 28 U.S.C § 1337, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 207 *et seq.* Venue is proper per 28 U.S. Code § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff Robert South ("Robert") is an adult resident of the state of Wisconsin.
5. Plaintiff was employed by Defendants from April 2016 through May 9, 2023.
6. Defendant New London Corporation ("New London") is a business corporation whose principle executive office address is 933 Oakes Ave, Superior, WI 54880
7. Defendant Blackwoods of Proctor, Inc. has a principle office at 2525 London Road Duluth, MN 55812
8. Defendant Black Water at Greysolon, LLC has a principle office at 2525 London Road Duluth, MN 55812

9. Defendant Tavern on Hill has a principle office at 1102 Woodland Ave. Duluth, MN 55812
10. Defendant Blackwoods of Proctor has a principle office at 2525 London Road Duluth, MN 55812
11. Defendant Black Woods Grill & Bar has a principle office at 2525 London Road Duluth, MN 55812
12. Defendant Black Woods Group has principle office at 2525 London Road Duluth, MN 55812
13. Defendant Blackwoods, Inc. has a principle office at 2525 London Road Duluth, MN 55812
14. Defendant Black Woods Group Catering has a principle office at 2525 London Road Duluth, MN 55812
15. Defendant Greysolon Ballroom by Blackwoods LLC has a principle office at 2525 London Road, Duluth MN 55812
16. Defendant Blackwoods On the Lake, Inc. has a principle office at 2525 London Road Duluth, MN 55812
17. Defendant Black at Blue LLC has a principle office at 2525 London Road Duluth, MN 55812
18. Defendants are "employers" within the meaning of FLSA, 29 U.S.C. § 203(d), are "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), and collectively are an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r)
19. Defendants utilized an illegal compensation method. Defendants have failed to properly pay Defendant overtime hours, resulting in under-payment for overtime hours worked.
20. Defendants have also failed to pay Plaintiff at the contracted rate.

**FACTS**

21. Plaintiff, while employed by the Defendants, has been a "employee" within the meaning of 29 U.S.C. section 203(e)(1) within the last three years and, thus, entitled to the rights, protections, and benefits provided under the FLSA.
22. Defendants, collectively known as "Black Woods Group" are a common enterprise for the purposes of the FLSA, as they are engaged in related activities as an operation under common control, and share a common business purpose of restaurant operations.

3

23. Specifically, Black Woods Group has the same individuals in control of all operations of every Defendant, all Defendants possess the same management structure, and, upon information and belief, all Defendants are under the control of New London Corporation.
24. On several occasions, Plaintiff worked over 40 hours a week for Defendants and was not paid the overtime rate of 1.5 times the regular rate.
25. Specifically, Plaintiff worked uncompensated overtime on the following pay periods including but not limited to the following weeks for approximately the number of hours stated herein:
    a. On the pay period ending on 6/11/21, Plaintiff worked 13.32 hours beyond a 40-hour workweek without receiving proper overtime pay.
    b. On the pay period ending on 6/25/21, Plaintiff worked 28.79 hours beyond a 40-hour workweek without receiving proper overtime pay.
    c. On the pay period ending on 10/29/21, Plaintiff worked 21.95 hours beyond a 40-hour workweek without receiving proper overtime pay.
    d. On the pay period ending on 2/17/23, Plaintiff worked .32 hours beyond a 40-hour workweek without receiving proper overtime pay.
    e. On the pay period ending on 3/24/23, Plaintiff worked .88 hours beyond a 40-hour workweek without receiving proper overtime pay.
    f. On the pay period ending on 3/31/23, Plaintiff worked .72 hours beyond a 40-hour workweek without receiving proper overtime pay.
    g. On the pay period ending on 5/12/23, Plaintiff worked 7.72 hours beyond a 40-hour workweek without receiving proper overtime pay.
    h. Upon information and belief, Plaintiff worked additional hours of uncompensated overtime that will be proven at trial after discovery.
26. On several occasions, plaintiff was compensated by Defendants at a rate less than his contracted rate.
27. Specifically, Plaintiff received less than the contracted rate on pay periods including but not limited to the following weeks for approximately the number of hours stated herein:
    a. On the pay period ending on 6/25/21, Plaintiff was paid 108.79 hours at a rate of $2.00 less than the contracted rate.
    b. On the pay period ending on 7/23/21, Inc., Plaintiff was paid 22.3 hours at a rate of $2.00 less than the contracted rate.

c. On the pay period ending on 8/6/21, Plaintiff was paid 70.2 hours at a rate of $2.00 less than the contracted rate for the position of janitor.

d. On the pay period ending on 8/6/21, Plaintiff was paid 2 hours at a rate of $2.00 less than the contracted rate for the position of carpet maintenance.

e. On the pay period ending on 8/20/21, Plaintiff was paid 75.13 hours at a rate of $2.00 less than the contracted rate.

f. On the pay period ending on 9/3/21, Plaintiff was paid 59.96 hours at a rate of $2.00 less than the contracted rate.

g. On the pay period ending on 9/17/21, Plaintiff was paid 30.45 hours at a rate of $2.00 less than the contracted rate.

h. On the pay period ending on 10/1/21, Plaintiff was paid 60.15 hours at a rate of $2.00 less than the contracted rate for the position of janitor.

i. On the pay period ending on 10/1/21, Plaintiff was paid 10.18 hours at a rate of $2.00 less than the contracted rate for the position of carpet maintenance.

j. On the pay period ending on 10/15/21, Plaintiff was paid 120.43 hours at a rate of $2.00 less than the contracted rate.

k. On the pay period ending on 10/29/21, Plaintiff was paid 3.92 hours at a rate of $2.00 less than the contracted rate.

l. On the pay period ending on 11/12/21, Plaintiff was paid 47.2 hours at a rate of $2.00 less than the contracted rate for the position of janitor.

m. On the pay period ending on 11/12/21, Plaintiff was paid 22 hours at a rate of $2.00 less than the contracted rate for the position of carpet maintenance.

n. On the pay period ending on 11/26/21, Plaintiff was paid 51.85 hours at a rate of $2.00 less than the contracted rate.

o. On the pay period ending on 11/26/21, Plaintiff was paid 17.97 hours at a rate of $2.00 less than the contracted rate.

p. On the pay period ending on 12/10/21, Plaintiff was paid 68.16 hours at a rate of $2.00 less than the contracted rate in the position of janitor.

q. On the pay period ending on 12/10/21, Plaintiff was paid 7.77 hours at a rate of $2.00 less than the contracted rate in the position of carpet maintenance.

r. On the pay period ending on 12/24/21, Plaintiff was paid 71.27 hours at a rate of $2.00 less than the contracted rate.

    s. On the pay period ending on 12/24/21, Plaintiff was paid 6.25 hours at a rate of $2.00 less than the contracted rate.

    t. On the pay period ending on 1/21/22, Plaintiff was paid 2.38 hours at a rate of $1.00 less than the contracted rate.

    u. On the pay period ending on 1/21/22, Plaintiff was paid 2.25 hours at a rate of $1.00 less than the contracted rate for the position of janitor.

    v. On the pay period ending on 1/21/22, Plaintiff was paid 5.27 hours at a rate of $1.00 less than the contracted rate in the position of carpet maintenance.

    w. On the pay period ending on 2/4/22, Plaintiff was paid 49.95 hours at a rate of $1.00 less than the contracted rate in the position of janitor.

    x. On the pay period ending on 2/4/22, Plaintiff was paid 5.04 hours at a rate of $1.00 less than the contracted rate in the position of carpet maintenance.

    y. On the pay period ending on 3/4/22, Plaintiff was paid 40 hours at a rate of $2.00 less than the contracted rate for the position of carpet maintenance.

    z. On the pay period ending on 4/15/22, Plaintiff was paid 4.33 hours at a rate of $2.00 less than the contracted rate for the position of carpet maintenance.

    aa. Upon information and belief, plaintiff was compensated by Defendants at a lesser rate than what was contracted for on additional dates that will be proven at trial after discovery.

28. Plaintiff was required to work during vacation hours and was not compensated properly for those hours.

29. This has resulted in an approximate total underpayment of at least $4,189.77, and, upon information and belief, there will be additional lost wages that will be proven at trial after discovery.

## FIRST COUNT

<u>The Defendants Have Violated 29 U.S.C. Section 207 by Failing to Properly Compensate Plaintiff for Overtime Hours Worked</u>

30. Plaintiff herby incorporates by reference paragraphs 1 through 28 in their entirety and restate them here.

6

31. At all times material herein, Plaintiff has been entitled to the rights and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*
32. During the times which plaintiff worked in excess of 40 hours a week, he has been entitled to overtime compensation at a rate of one and one-half times his regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. § 207.
33. During several occasions, the Defendants have failed to provide Plaintiff with overtime compensation of one and one-half times the regular rate.
34. The Defendant's refusal to provide overtime pay at the proper rate wrongly deprived Plaintiff of the FLSA compensation that is due to him.
35. At all relevant times, the Defendants have been aware of the provisions of the FLSA. The Defendants' actions and omissions as alleged herein were knowing, willful, bad faith, and reckless violations of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).
36. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by the Defendants from Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. sections 216(b) and 255.
37. Plaintiff is entitled to amount of unpaid wages, plus penalties, damages, attorneys fees, interest, costs, and any additional fees allowable by the FLSA or any other applicable federal law.
38. Upon information and belief, plaintiff has worked additional hours of uncompensated overtime that will be proven at trial after discovery.

## SECOND COUNT

<u>The Defendants Have Failed to Pay the Contracted Rate</u>

39. Plaintiff herby incorporates by reference paragraphs 1 through 38 in their entirety and restate them here.
40. Plaintiff and Defendants contracted that Plaintiff would be paid at a certain rate for work performed.
41. During several occasions, the Defendants have failed to pay Plaintiff at the contracted rate as agreed.
42. This was a material breach of the terms of the contract, as the rate paid was less than the rate contracted for.
43. Plaintiff suffered damages of lost wages as a result of this breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests from the court the following relief:

A. Judgment in favor of Plaintiff and against Defendants;

B. For lost wages and all other compensation denied to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

C. For punitive damages in an amount to be determined at trial;

D. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

E. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

F. For reasonable attorneys' fees and costs of suit;

G. For such other and further relief as this Court deems just and proper.


Dated 6/21/23

                                ANICH, WICKMAN & WICKMAN, S.C.


                                By: */s/ electronically signed by Max T. Lindsey*
                                    Max T. Lindsey, WI State Bar No. 1112865
                                    Attorney for Plaintiff
                                    220 Sixth Avenue West
                                    P.O. Box 677
                                    Ashland, WI 54806
                                    Email: Mlindsey@ashlandlawyers.com
                                    Phone: (715) 682-9114